# EXHIBIT A

ALPINE SECURITIES CORPORATION
EMPLOYEE NONDISCLOSURE & USE OF COMPANY PROPERTY AGREEMENT

This Employee Nondisclosure & Use of Company Property Agreement (this "Agreement") is entered into by Alpine Securities Corporation, a Utah corporation ("Company"), and (print name) _____ ("Employee"), as of the date set forth below.

In consideration of the commencement or continuation of Employee's employment by the Company, Employee and Company agree as follows:

**1. Company's Confidential Information**

In the performance of Employee's job duties with Company, Employee may have access to or possess Company's Confidential Information. "Confidential Information" means material information, in whatever format or media it may be prepared, stored or retained (including, without limitation, paper format or electronically), that is commercially valuable to Company with respect to its business, is not generally known or readily ascertainable in the business of the Company, as a general matter is protectable as a "trade secret" under the law of the respective jurisdictions in which the Company conducts its business.

However, Confidential Information shall not include such information that:

(i)  was or is known to or in Employee's possession, but not in connection with Employee's employment by the Company, as to which Employee is not legally obligated to keep such information confidential;

(ii)  is or becomes available as a matter of public knowledge other than as a breach, by Employee of Employee's legal obligation to maintain the confidentiality of such information; or

(iii)  is or becomes lawfully available to Employee from a person not legally obligated to maintain the confidentiality of such information;

(iv)  as to which Employee becomes legally required to disclose such information;

Subject to the forgoing provisions of this Section 1, this includes, but is not limited to:

(a)  technical information concerning Company's products and services, including product know-how, proprietary designs and documentation, software code, and results of research and studies, projects and product development along with technical memoranda and correspondence;

(b)  information concerning Company's business and operations, including financial and accounting information, sales records, business plans, markets and marketing methods,

Page 1 of 4
Final 4/16/15

customer lists and customer information, suppliers and supplier information and marketing plans, methods and strategies;

(c) information concerning Company's employees in connection with their employment by Company;

(d) information submitted by Company's customers, suppliers, employees, consultants or co-venture partners for study, evaluation or use.

## 2. Confidential Information of Others

Employee will not disclose to Company, use in Company's business, or cause Company to use, any trade secrets of others as to which Employee is legally obligated to maintain such confidentiality.

## 3. Return of Materials

When Employee's employment with Company ends, Employee will promptly deliver to Company all originals and copies of all documents, records, software programs, media and other materials which consist of and contain Confidential Information in whatever format such originals and copies are stored, maintained or used. Employee will also return to Company all personal property belonging to Company.

## 4. Confidentiality Obligation Survives Employment

Employee's obligation to maintain the confidentiality and security of Confidential Information remains even after Employee's employment with Company ends and continues for so long as such Confidential Information remains Confidential Information legally protectable hereunder.

## 5. Use of Computers and Company Property; Access to Information Systems

As part of Employee's duties, Employee will have access to Company's information technology systems certain computer, data processing, and electronic communication equipment, which includes Company's internal and proprietary external network systems, used for conduct of Company's business. All such electronic systems and equipment will be referred to as "ECS." As a condition of employment, Employee agrees to the following restrictions on the access and use of ECS:

(a) Access and use of ECS is intended for, and limited to purposes relating to Employee's duties and responsibilities as an employee, official business within Company and other activities that may be approved by Company.

(b) ECS information or messages, as created, sent, received or stored using Company's ECS in connection with Company's business are the property of Company, and accordingly, are subject to Company's right to monitor and store information in or relating to ECS.

(c) With respect to ECS, Employee is the sole person authorized to use sign-in, screen or account names and passwords, which are made available to, or used by Employee, in

connection with Employee's employment by Company, and Employee will not share said information except with the consent of the Company; provided, however, that other persons who are legally and properly authorized may from time-to-time have access to, and use such information.

(d)     Prohibited actions by Employee using ECS, include, but are not limited to the following: (1) entering data under another person's computer account or permitting another to enter data under his/her account; (2) helping an unauthorized person gain access to a Company computer or information asset; (3) accessing personal Internet email accounts (e.g., Hotmail, Yahoo, AOL, etc.); (4) sending or displaying materials that are sexually explicit, threatening, discriminatory, harassing, illegal or otherwise inappropriate; (5) using the system for illegal or criminal activities, commercial ventures, private profit, religious or political causes, any form of solicitation (except those approved by Company); (6) attaching unauthorized devices to Company's computer network; and (7) attempting to gain access to an unauthorized area of any computing system or disabling it in any way.

(e)     Notwithstanding the foregoing provisions of this Section 5, it is acknowledged that there are or may be certain, limited circumstances under which these provisions legally or properly may be, or required to be, lifted or superseded, such as, and without limitation, in connection with compliance with a court order, a lawful internal investigation, or actions by law enforcement officials.

**6. General Provisions**

(a)     Relationships: Nothing contained in this Agreement shall be deemed to make Employee a partner or joint venturer of Company for any purpose.

(b)     Severability: If a court finds any provision of this Agreement invalid or unenforceable, the remainder of this Agreement shall be interpreted so as best to effect the intent of Company and Employee.

(c)     Integration: This Agreement expresses the complete understanding of the parties with respect to the subject matter and supersedes all prior proposals, agreements, representations and understandings. This Agreement may not be amended except in a writing signed by both Company and Employee.

(d)     Waiver: The failure to exercise any right provided in this Agreement shall not be a waiver of prior or subsequent rights.

(e)     Injunctive Relief: Any misappropriation of any of the Confidential Information in violation of this Agreement may cause Company irreparable harm, the amount of which may be difficult to ascertain, and therefore Employee agrees that Company shall have the right to apply to a court of competent jurisdiction for an order enjoining any such further misappropriation and for such other relief as Company deems appropriate. This right is to be in addition to the remedies otherwise available to Company.

(f)     Governing Law. This Agreement shall be governed in accordance with the laws of the State of Utah.

(j)     <u>Successors & Assigns</u>. This Agreement shall bind each party's heirs, successors and assigns. Company may assign this Agreement to any party at any time. Employee shall not assign any of his or her rights or obligations under this Agreement without Company's prior written consent. Any assignment or transfer in violation of this section shall be void.

| **EMPLOYER:** | **EMPLOYEE:** |
|---|---|
| **ALPINE SECURITIES CORPORATION** | |
| | _____ |
| | (SIGNATURE) |
| By:_____ | Print |
| (SIGNATURE) | Name_____ |
| Name | |
| and Title ___Robert Tew, President_____ | |

Date of this Agreement: ___April 16th, 2015__

ALPINE SECURITIES CORPORATION
EMPLOYEE NONDISCLOSURE & USE OF COMPANY PROPERTY AGREEMENT

This Employee Nondisclosure & Use of Company Property Agreement (this "Agreement") is entered into by Alpine Securities Corporation, a Utah corporation ("Company"), and (print name) _Randall Jons_ ("Employee"), as of the date set forth below.

In consideration of the commencement or continuation of Employee's employment by the Company, Employee and Company agree as follows:

1. **Company's Confidential Information**

In the performance of Employee's job duties with Company, Employee may have access to or possess Company's Confidential Information. "Confidential Information" means material information, in whatever format or media it may be prepared, stored or retained (including, without limitation, paper format or electronically), that is commercially valuable to Company with respect to its business, is not generally known or readily ascertainable in the business of the Company, as a general matter is protectable as a "trade secret" under the law of the respective jurisdictions in which the Company conducts its business.

However, Confidential Information shall not include such information that:

(i) was or is known to or in Employee's possession, but not in connection with Employee's employment by the Company, as to which Employee is not legally obligated to keep such information confidential;

(ii) is or becomes available as a matter of public knowledge other than as a breach, by Employee of Employee's legal obligation to maintain the confidentiality of such information; or

(iii) is or becomes lawfully available to Employee from a person not legally obligated to maintain the confidentiality of such information;

(iv) as to which Employee becomes legally required to disclose such information;

Subject to the forgoing provisions of this Section 1, this includes, but is not limited to:

(a) technical information concerning Company's products and services, including product know-how, proprietary designs and documentation, software code, and results of research and studies, projects and product development along with technical memoranda and correspondence;

(b) information concerning Company's business and operations, including financial and accounting information, sales records, business plans, markets and marketing methods,

Page 1 of 4
Final 4/16/15

(j)     Successors & Assigns. This Agreement shall bind each party's heirs, successors and assigns. Company may assign this Agreement to any party at any time. Employee shall not assign any of his or her rights or obligations under this Agreement without Company's prior written consent. Any assignment or transfer in violation of this section shall be void.

**EMPLOYER:**
**ALPINE SECURITIES CORPORATION**

By: _[signature]_
   (SIGNATURE)
Name
and Title ___Robert Tew, President_____

Date of this Agreement: ___April 16th, 2015__

**EMPLOYEE:**

_[signature]_
   (SIGNATURE)
Print
Name _[signature]_